**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Eric J. Gitig
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

14 CV    9008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KELLY ESCARAVAGE, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**LM RESTAURANT GROUP LLC, EAST 54TH MANAGEMENT LLC, DISCO SUSHI INC., MICHAEL SINENSKY, and SEAN MCGARR,**<br><br>**Defendants.** | <br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Kelly Escaravage ("Plaintiff" or "Escaravage"), individually and on behalf of all others similarly situated, upon personal knowledge, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.    This lawsuit seeks to recover minimum wage, overtime compensation, spread-of-hours pay, uniform-related expenses, and statutory penalties for Plaintiff and any similarly situated co-workers – servers, bussers, runners, bartenders, barbacks, and other "Tipped Workers" – who work or have worked at SideBAR – located at 118 East 15th Street, New York, New York 10003 – and Little Town – located at 118 East 15th Street, New York, New York 10003 (collectively, the "Bars").

2.      Owned and operated by LM Restaurant Group LLC, East 54th Management LLC, Disco Sushi Inc., Michael Sinensky, and Sean McGarr (collectively, "Defendants"), the Bars have been profiled and reviewed in numerous print and online publications, including New York Magazine.

3.      Despite operating the Bars under three separate corporations, Defendants have been part of a single integrated enterprise that has jointly employed Tipped Workers at the Bars. This enterprise is centrally controlled by Michael Sinensky ("Sinensky") and Sean McGarr ("McGarr"), who own, manage and oversee operations at the Bars.  The Bars are part of the restaurant group called "Fun Bars," and are linked together through the Fun Bars' website, http://www.funbars.com, which provides links to SideBAR and Little Town and also allows users to "Book A Party" at any of the bars in the Fun Bars' group.  According to the "ABOUT US" section on Fun Bars' website, "Funbars.com is home to the best bars NYC has to offer. While each bar is unique in character, together they share the ability to meet your every event need… Sidebar for an upscale sports environment… [and] Little Town NYC for a taste of the best locally sourced food & beers New York has to offer."

4.      In addition to having a centralized website, the websites for the Fun Bars restaurant group and SideBAR, http://www.funbars.com and http://www.sidebarny.com, respectively, are registered to "ERIKA LONDON" and the "Registrant Organization" is "DISCO SUSHI."  According to her LinkedIn profile, Erika London is the "VP OF MARKETING AT FUNBARS."  The website for Little Town, http://www.littletown.com, is registered to "MICHAEL SINENSKY."  Finally, SideBAR and Little Town are physically connected and employees and patrons are free to internally walk between the two establishments.

5.      Most importantly, Tipped Workers at the Bars perform the same basic job duties, are subject to the same employment policies, practices and procedures, and are directed and/or permitted by Defendants to perform work at all locations without retraining.

6.     Plaintiff brings this action on behalf of herself and all similarly situated current and former Tipped Workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

7.     Plaintiff also brings this action on behalf of herself and all similarly situated current and former Tipped Workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

#### Kelly Escaravage

8.     Escaravage is an adult individual who is a resident of Smithtown, New York.

9.     Escaravage has been employed by Defendants as a server – a Tipped Worker – at SideBAR and Little Town from in or around November 2013 to present.   During her employment period, Escaravage has also performed work as a hostess, a coat check, and on the "street team."

10.     Escaravage is a covered employee within the meaning of the FLSA and the NYLL.

11.     A written consent form for Escaravage is being filed with this Class Action Complaint.

### Defendants

12.     Defendants have employed and/or jointly employed Plaintiff and similarly situated employees at all times relevant.

13.     Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

14.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

15.     During all relevant times, Defendants' operations have been interrelated and unified.

16.     During all relevant times, the Bars have shared a common management, and have been centrally controlled and/or owned by Defendants.

17.     During all relevant times, Defendants have centrally controlled the labor relations of the Bars.

18.     During all relevant times, Defendants have allowed employees to transfer or be shared by and between the Bars without retraining.  In fact, Plaintiff has been directed by her manager, Terry Brooks, to perform work at both locations.

**LM Restaurant Group LLC**

19.     Together with the other Defendants, Defendant LM Restaurant Group LLC d/b/a SideBAR ("LM Restaurant Group") has owned and/or operated the Bars during the relevant period.

20.     LM Restaurant Group is a domestic limited liability corporation organized and existing under the laws of New York.

21.     LM Restaurant Group is the corporate identity that has appeared on Plaintiff's paystubs for work performed at SideBAR and Little Town.

22.     LM Restaurant Group is the "Premises Name" that appears on the active New York State Liquor license for the premises located at "120 E. ST, NEW YORK, NY 10003," the address of SideBAR and Little Town.

23.     LM Restaurant Group is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

24.     At all relevant times, LM Restaurant Group has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

25.     LM Restaurant Group has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and uniform-related expenses.

26.     Upon information and belief, at all relevant times LM Restaurant Group's annual gross volume of sales made or business done was not less than $500,000.00.

**East 54th Management LLC**

27.     Together with the other Defendants, Defendant East 54th Management LLC d/b/a SideBAR ("54th Management") has owned and/or operated the Bars during the relevant period.

28.     54th Management is a domestic limited liability corporation organized and existing under the laws of New York.

29.     54th Management is the "Premises Name" that appears on the active New York State Liquor license for the premises located at "120 E. ST, NEW YORK, NY 10003," the address of SideBAR and Little Town.

30.     54th Management is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

31.     At all relevant times, 54th Management has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

32.     54th Management has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and uniform-related expenses.

33.     Upon information and belief, at all relevant times 54th Management's annual gross volume of sales made or business done was not less than $500,000.00.

**Disco Sushi Inc.**

34.     Together with the other Defendants, Defendant Disco Sushi Inc. ("Disco Sushi") has owned and/or operated the Bars during the relevant period.

35.     Disco Sushi is a domestic business corporation organized and existing under the laws of New York.

36.     Disco Sushi is the "Registrant Organization" for the corporate websites of the Fun Bars restaurant group and SideBAR.

37.     Disco Sushi is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

38.     At all relevant times, Disco Sushi has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

39.     Disco Sushi has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, and uniform-related expenses.

40.     Upon information and belief, at all relevant times Disco Sushi's annual gross volume of sales made or business done was not less than $500,000.00.

**Michael Sinensky**

41.    Upon information and belief, Sinensky is a resident of the State of New York.

42.    At all relevant times, Sinensky has been the founder, owner, and operator of the Bars.

43.    Sinensky identifies himself as the Chief Executive Officer of the Fun Bars restaurant group on his LinkedIn page.

44.    According to the "ABOUT" section on Sinensky's personal website, http://www.michaelsinensky.com, Sinensky has "3 Village Pourhouse's, 2 Little Towns, SideBAR, House of 'Que, Tres Carnes, and Hudson Terrace under his belt," and "seeks to continue on with his success by furthering expansion in New York and New Jersey." Finally, this website also lists the establishments he owns on the website's "VENUES" page.

45.    Sinensky is the "Principal" listed on the New York State Liquor licenses for the premises located at "120 E. ST, NEW YORK, NY 10003," the address of SideBAR and Little Town.

46.    At all relevant times, Sinensky has had power over personnel decisions at the Bars, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

47.    At all relevant times, Sinensky has had power over payroll decisions at the Bars, including the power to retain time and/or wage records.

48.    At all relevant times, Sinensky has been actively involved in managing the day to day operations of the Bars.

49.    At all relevant times, Sinensky has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

50.    At all relevant times, Sinensky has had the power to transfer the assets and/or liabilities of the Bars.

51.    At all relevant times, Sinensky has had the power to declare bankruptcy on behalf

of the Bars.

52.    At all relevant times, Sinensky has had the power to enter into contracts on behalf of the Bars.

53.    At all relevant times, Sinensky has had the power to close, shut down, and/or sell the Bars.

54.    Sinensky is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Sean McGarr**

55.    Upon information and belief, McGarr is a resident of the State of New Jersey.

56.    At all relevant times, McGarr has been the founder, owner, and operator of the Bars.

57.    McGarr is the "Principal" listed on the New York State Liquor licenses for the premises located at "120 E. ST, NEW YORK, NY 10003," the address of SideBAR and Little Town.

58.    At all relevant times, McGarr has had power over personnel decisions at the Bars, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

59.    At all relevant times, McGarr has had power over payroll decisions at the Bars, including the power to retain time and/or wage records.

60.    At all relevant times, McGarr has been actively involved in managing the day to day operations of the Bars.

61.    At all relevant times, McGarr has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

62.    At all relevant times, McGarr has had the power to transfer the assets and/or liabilities of the Bars.

63.    At all relevant times, McGarr has had the power to declare bankruptcy on behalf

of the Bars.

64.    At all relevant times, McGarr has had the power to enter into contracts on behalf of the Bars.

65.    At all relevant times, McGarr has had the power to close, shut down, and/or sell the Bars.

66.    McGarr is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

67.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

68.    This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

69.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

70.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

71.    Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who have worked as Tipped Workers at the Bars in New York, who elect to opt-in to this action (the "FLSA Collective").

72.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

73.     Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

74.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

75.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

> (a) willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for all hours worked in excess of 40 hours per workweek; and

> (b) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

76.     Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly compensate Plaintiff and the FLSA Collective for the hours they have worked.

77.     Defendants are aware or should have been aware that federal law required them to pay Tipped Workers minimum wages for all hours worked and overtime premiums for all hours worked in excess of 40 per workweek.

78.     Plaintiff and the FLSA Collective perform or performed the same primary duties.

79.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

80.     There are many similarly situated current and former Tipped Workers who have been denied minimum wage and overtime compensation in violation of the FLSA who would

benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

81.     Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

82.     In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

83.     Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Tipped Workers and similar employees at the Bars in New York between November 12, 2008 and the date of final judgment in this matter (the "Rule 23 Class").

84.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

85.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.  Upon information and belief, the size of the Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

86.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the Rule 23 Class as a whole.

87.     Common questions of law and fact exist as to the Rule 23 Class that predominate

over any questions only affecting them individually and include, but are not limited to, the following:

> (a) whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations;
>
> (b) whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they have worked;
>
> (c) whether Defendants have a policy and/or practice of "shaving" time from the total number of hours worked by Plaintiff and the Rule 23 Class and recorded in their time records;
>
> (d) whether Defendants have a policy and/or practice of requiring Plaintiff and the Rule 23 Class to work "off-the-clock;"
>
> (e) whether Defendants have a policy of requiring tipped employees to engage in side work for two hours or more and/or for more than twenty percent of their time at work in violation of the NYLL;
>
> (f) whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;
>
> (g) whether Defendants failed to provide Plaintiff and the Rule 23 Class with spread-of-hours pay when the length of their workday was greater than 10 hours;
>
> (h) whether Defendants failed to pay Plaintiff and the Rule 23 Class for uniform-related expenses;
>
> (i) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;
>
> (j) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper wage notices, as required by the NYLL;
>
> (k) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper statements with every payment of wages, as required by the NYLL;
>
> (l) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and
>
> (m) the nature and extent of class-wide injury and the measure of damages for those injuries.

88.     The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent.  Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as Tipped Workers at the Bars in New York.  Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including being paid minimum wage, overtime compensation spread-of-hours pay, and uniform-related expenses.  Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

89.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiff understands that as a class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as a class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 members.

90.     In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

91.     A class action is superior to other available methods for the fair and efficient

adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

92.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

93.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Kelly Escaravage**

94.    Defendants have not paid Escaravage the proper minimum wages, overtime compensation, and spread-of-hours pay for all of the time that she has been suffered or permitted to work each workweek.

95.    Throughout the duration of her employment at SideBAR and Little Town, Escaravage received weekly paychecks from Defendants that did not properly record or compensate her for all the hours that she worked.

96.    Defendants have "shaved" time from the total number of hours Escaravage has worked and recorded in her time records. For example, for the workweek ending on October 5,

2014, Escaravage worked a total of "43:19" hours according to her "Employee Clock Out" receipt, however, her corresponding paystub only compensated her for "33.52" hours.

97.     Defendants have required Escaravage to perform work off-the-clock without compensation. For instance, Defendants have a policy and/or practice of requiring Escaravage to arrive earlier than her scheduled shift in order to be ready for her scheduled start time. Defendants have also required Escaravage to be clocked in by a manager, and have instructed Escaravage to wait to be clocked in if a manager was unavailable.

98.     Escaravage has not been compensated for time she has spent attending mandatory pre-shift meetings, staff meetings, and training.

99.     Throughout her employment, Defendants have generally paid Escaravage at the New York tipped minimum wage rate for work performed as a server.

100.    Defendants did not provide Escaravage with notification of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL, or their intent to apply a tip credit to her wages.

101.    Defendants have required Escaravage to spend a substantial amount of time performing non-tip producing "side work," including but not limited to: rolling silverware; cleaning menus; wiping down tables and chairs; stocking napkins and caddies; labeling televisions and tables; and cleaning liquor bottles. Escaravage has generally performed these non-tip producing duties before opening and/or after food service, when no customers are present in the restaurant. As a result of this practice, there were days when Escaravage spent in excess of two hours a day and/or twenty percent of her daily shifts engaged in a non-tipped capacity. Further, Defendants have consistently required Escaravage to be engaged in a dual occupation whereby she was required to perform duties unrelated to the tipped profession, such as cleaning, maintenance, and food preparation.

102. At all times relevant, Escaravage was entitled to receive the full statutory minimum wage rate for the first 40 hours of work each week.

103. Defendants have suffered or permitted Escaravage to work over 40 hours per week as a server. During such workweeks, Defendants failed to compensate Escaravage at time and one-half the full statutory minimum wage rate for all hours worked beyond 40.

104. Defendants have suffered or permitted Escaravage to work over 10 hours per day. Defendants have not paid Escaravage one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of her workday – including working time plus time off for meals plus intervals off duty – has been greater than 10 hours.

105. Defendants have required Escaravage to wear a uniform consisting of a shirt with the SideBAR or Little Town logo. Defendants initially provided Escaravage with only one shirt, regardless of the number of shifts she was scheduled to work each week. Defendants have also required Escaravage to purchase and wear specific uniform items, including but not limited to a football jersey for shifts during football season and, beginning in or around November 3, 2014, an American Apparel "Rib Racerback Dress." Defendants have not reimbursed Escaravage for the cost of mandatory football jerseys or Rib Racerback Dresses. Additionally, Defendants have not laundered and/or maintained Escaravage's mandatory uniforms, and have failed to pay Escaravage the required weekly uniform-maintenance amount in addition to the required minimum wage.

106. Defendants have not kept accurate records of wages earned, or of hours worked by Escaravage.

107. Defendants have failed to furnish Escaravage with wage notices, as required by the NYLL.

108.    Defendants have failed to furnish Escaravage with a proper statement with every payment of wages, as required by the NYLL.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wage**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

109.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

110.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

111.    Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

112.    At all times relevant, Plaintiff and the members of the FLSA Collective have been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

113.    At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

114.    At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

115.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

116.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

- 17 -

117.     Defendants have been required to pay directly to Plaintiff and the members of the FLSA Collective the full federal minimum wage rate for all hours worked.

118.     Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants have failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA.

119.     Defendants have required Plaintiff and the FLSA Collective to perform a substantial amount of non-tipped "side work" in excess of twenty percent of their time at work. During these periods, Defendants have compensated Plaintiff and the FLSA Collective at the tipped minimum wage rate rather than the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq*.

120.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants are aware or should have been aware that the practices described in this Class Action Complaint are unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

121.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

122.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wage
### (Brought on behalf of Plaintiff and the FLSA Collective)

123.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

124.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

125.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime wages to which they have been entitled under the FLSA – at a rate of 1.5 times the full minimum hourly wage rate – for all hours worked in excess of 40 per workweek.

126.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

127.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

128.    As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**New York Labor Law – Minimum Wage**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

129.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

130.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

131.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

132.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL.

133.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

134.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

135.    Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the members of the Rule 23 Class the full minimum wage at a rate of (a) $7.15 per hour for all hours worked from November 12, 2008 through July 23, 2009; (b) $7.25 per hour for all hours worked

from July 24, 2009 through December 30, 2013; and (c) $8.00 per hour for all hours worked from December 31, 2013 through the present.

136.    At all times relevant, Defendants have failed to notify Plaintiff and the members of the Rule 23 Class of the tip credit as required by the NYLL and the supporting New York State Department of Labor Regulations. As a result, Plaintiff and the members of the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate at all relevant times.

137.    Defendants have required Plaintiff and the members of the Rule 23 Class to spend over two hours per workday or in excess of twenty percent of their daily shifts engaged in a non-tipped capacity. As a result, Plaintiff and the members of the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during such times.

138.    Defendants have failed to furnish with every payment of wages to Plaintiff and the members of the Rule 23 Class statements listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, as required by the NYLL and the supporting New York State Department of Labor Regulations. As a result, Plaintiff and the members of the Rule 23 Class are entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate.

139.    Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class, as required by the NYLL and the supporting New York State Department of Labor Regulations. As a result, Plaintiff and the members of the Rule 23 Class are entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate.

140.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

141.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Overtime Wage
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

142.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

143.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

144.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class overtime wages to which they have been entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times the full minimum hourly wage rate – for all hours worked in excess of 40 per workweek.

145.    Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class.

146.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

147.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**New York Labor Law – Spread-of-Hours Pay**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

148.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

149.    Defendants have willfully failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – has been greater than 10 hours.

150.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

151.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
**New York Labor Law – Uniform Violations**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

152.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

153.    Defendants have required Plaintiff and the members of the Rule 23 Class to purchase and wear a uniform consisting of clothing that is not ordinary basic street clothing selected by Plaintiff and the members of the Rule 23 Class, and that may not be worn as part of Plaintiff's and the members of the Rule 23 Class' ordinary wardrobes.

154.    Defendants have failed to launder and/or maintain the required uniforms for Plaintiff and the members of the Rule 23 Class, and have failed to pay them the required weekly amount in addition to the required minimum wage.

155.    Through their knowing or intentional failure to pay and/or reimburse Plaintiff and the members of the Rule 23 Class for the cost and maintenance of required uniforms, Defendants have willfully violated the NYLL, and the supporting New York State Department of Labor Regulations.

156.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the costs of maintaining their uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Wage Notices
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

157.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

158.    Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the

minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

159.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

160.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Wage Statements
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

161.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

162.    Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with a statement with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

163.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

164.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Tipped Workers who are presently working at, or have worked at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at the Bars in New York. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid minimum wages, overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Payment of a service award to Plaintiff, in recognition of the services she has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

F.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

G.      Unpaid minimum wages, overtime compensation, spread-of-hours pay, uniform-related expenses, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

H.      Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage notices, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

I.      Statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

J.      Prejudgment and post-judgment interest;

K.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

L.      Reasonable attorneys' fees and costs of the action; and

M.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       November 12, 2014

Respectfully submitted,

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Eric J. Gitig
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.     I consent to be a party plaintiff in a lawsuit against LM RESTAURANT GROUP LLC and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.     By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

_____
Full Legal Name (Print)