```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KELLY ESCARAVAGE, on behalf of herself
and all others similarly situated,
                                                                    Case Number:
                          Plaintiff,
                                                                    14-cv-9008 (RJS)
            -against-
                                                                    ANSWER TO
                                                                    CLASS ACTION COMPLAINT
LM RESTAURANT GROUP LLC, EAST 54TH
MANAGEMENT LLC, DISCO SUSHI INC.,
MICHAEL SINENSKY, and SEAN MCGARR,

                          Defendants.
-----------------------------------------------------------------X
```

Defendants LM Restaurant Group LLC, East 54th Management LLC, Disco Sushi Inc., Michael Sinensky and Sean McGarr (collectively "Defendants"), by and through their undersigned attorneys, Meister Seelig & Fein LLP, as and for their Answer to the Class Action Complaint (the "Complaint") of plaintiff Kelly Escaravage (the "Plaintiff"), respectfully allege as follows:

## NATURE OF THE ACTION

1.   Paragraph 1 of the Complaint is not a factual allegation to which a response is required. To the extent a response is deemed to be required, Defendant denies the allegations contained in paragraph 1 of the Complaint.

2.   Defendants deny the allegations contained in paragraph 2 of the Complaint, but admit the Bars have been profiled by various publications.

3.   Defendants deny the allegations set forth in paragraph 3 of the Complaint, but aver that SideBAR and Little Town are on the "Fun Bars" website.

4. Defendants deny the allegations set forth in paragraph 4 of the Complaint, but aver that SideBAR and Little Town are physically connected.

5. Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6. Defendants deny the allegations set forth in paragraph 6 of the Complaint, except do not dispute that Plaintiffs have filed a putative collective action for alleged violations of the Fair Labor Standards Act.

7. Defendants deny the allegations set forth in Paragraph 7 of the Complaint, except do not dispute that Plaintiffs have filed a putative class action for alleged violation of the New York Labor Law.

## RESPONSE TO THE PARTIES

**Plaintiff**

### Kelly Escaravage

8. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint, except admit that from approximately November 2013 to present, Plaintiff was employed at Little Town and SideBAR as a server.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint is not a factual allegation to which a response is required, but Defendants do not dispute that Plaintiff attached a written consent form to the Complaint.

**Defendants**

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

**LM Restaurant Group LLC**

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

**East 54th Management LLC**

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

**Disco Sushi Inc.**

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in paragraph 35 of the Complaint.

36. Defendants admit the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

**Michael Sinensky**

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint but admit that Sinensky is a co-founder, managing member and owner of the Bars.

43. Defendants admit the allegations contained in paragraph 43 of the Complaint.

44. Defendants admit the allegations contained in paragraph 44 of the Complaint.

45. Defendants admit the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants admit the allegations contained in paragraph 49 of the Complaint, but deny that there were any illegal pay practices and/or that Sinensky was aware of any such illegal practices.

50. The allegations set forth in paragraph 50 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

51. The allegations set forth in paragraph 51 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint, but admit that Sinensky had the authority to enter into certain contracts.

53. The allegations set forth in paragraph 53 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

54. The allegations set forth in paragraph 54 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

**Sean McGarr**

55. Defendants admit the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint, but admit that McGarr is a co-founder and managing member of the Bars.

57. Defendants admit the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants admit the allegations contained in paragraph 61 of the Complaint, but deny that there were any illegal pay practices and/or that McGarr was aware of any such illegal practices.

62. The allegations set forth in paragraph 62 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

63. The allegations set forth in paragraph 63 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint, but admit that McGarr had the authority to enter into certain contracts.

65. The allegations set forth in paragraph 65 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

66. The allegations set forth in paragraph 66 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

## RESPONSE TO JURISDICTION AND VENUE

67. The allegations set forth in paragraph 67 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

68. The allegations set forth in paragraph 68 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants

admit that this Court has subject matter jurisdiction over the First and Second Causes of Action under the Fair Labor Standards Act.

69. The allegations set forth in paragraph 69 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

## RESPONSE TO COLLECTIVE ACTION ALLEGATIONS

71. Defendants deny the allegations set forth in paragraph 71 of the Complaint except do not dispute that Plaintiff has filed a putative collective action for alleged violations of the Fair Labor Standards Act.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

## RESPONSE TO CLASS ACTION ALLEGATIONS

83. Defendants deny the allegations set forth in paragraph 83 of the Complaint, except do not dispute that Plaintiff has filed a putative class action for alleged violations of the New York Labor Law.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87(a) – (m) of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

## RESPONSE TO PLAINTIFF'S FACTUAL ALLEGATIONS

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants admit the allegations contained in paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

## RESPONSE TO FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage
### (Brought on behalf of Plaintiff and the FLSA Collective)

109. Defendants reallege and incorporate by reference all responses in all preceding paragraphs as if fully set forth herein.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint is not a factual allegation to which a response is required, but Defendants do not dispute that Plaintiff attached a written consent form to the Complaint.

112. To the extent that paragraph 112 calls for a legal conclusion, Defendants are not required to respond. Defendants deny the allegation the Plaintiff is part of an alleged collective. Defendants deny the remaining allegations contained in paragraph 112.

113. To the extent that paragraph 113 calls for a legal conclusion, Defendants are not required to respond. Defendants deny the allegation the Plaintiff is part of an alleged collective. Defendants deny the remaining allegations contained in paragraph 113

114. To the extent that paragraph 114 calls for a legal conclusion, Defendants are not required to respond. Defendants deny the allegation the Plaintiff is part of an alleged collective. Defendants deny the remaining allegations contained in paragraph 114.

115. Defendants deny the allegations contained in paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in paragraph 121 of the Complaint.

122. Defendants deny the allegations contained in paragraph 122 of the Complaint.

**RESPONSE TO SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wage**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

123. Defendants reallege and incorporate by reference all responses in all preceding paragraphs as if fully set forth herein.

124. Defendants deny the allegations contained in paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in paragraph 128 of the Complaint.

## RESPONSE TO THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wage
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

129. Defendants reallege and incorporate by reference all responses in all preceding paragraphs as if fully set forth herein.

130. Defendants deny the allegations contained in paragraph 130 of the Complaint.

131. To the extent that paragraph 131 calls for a legal conclusion, Defendants are not required to respond. Defendants deny the allegation the Plaintiff is part of an alleged class. Defendants deny the remaining allegations contained in paragraph 131.

132. To the extent that paragraph 132 calls for a legal conclusion, Defendants are not required to respond. Defendants deny the allegation the Plaintiff is part of an alleged class. Defendants deny the remaining allegations contained in paragraph 132.

133. To the extent that paragraph 133 calls for a legal conclusion, Defendants are not required to respond. Defendants deny the allegation the Plaintiff is part of an alleged class. Defendants deny the remaining allegations contained in paragraph 133.

134. Defendants deny the allegations contained in paragraph 134 of the Complaint.

135. Defendants deny the allegations contained in paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in paragraph 136 of the Complaint.

137. Defendants deny the allegations contained in paragraph 137 of the Complaint.

138. Defendants deny the allegations contained in paragraph 138 of the Complaint.

139. Defendants deny the allegations contained in paragraph 139 of the Complaint.

140. Defendants deny the allegations contained in paragraph 140 of the Complaint.

141. Defendants deny the allegations contained in paragraph 141 of the Complaint.

### RESPONSE TO FOURTH CAUSE OF ACTION
### New York Labor Law – Overtime Wage
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

142. Defendants reallege and incorporate by reference all responses in all preceding paragraphs as if fully set forth herein.

143. To the extent that paragraph 143 calls for a legal conclusion, Defendants are not required to respond. Defendants deny the allegation the Plaintiff is part of an alleged class. Defendants deny the remaining allegations contained in paragraph 143.

144. Defendants deny the allegations contained in paragraph 144 of the Complaint.

145. Defendants deny the allegations contained in paragraph 145 of the Complaint.

146. Defendants deny the allegations contained in paragraph 146 of the Complaint.

147. Defendants deny the allegations contained in paragraph 147 of the Complaint.

### RESPONSE TO FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

148. Defendants reallege and incorporate by reference all responses in all preceding paragraphs as if fully set forth herein.

149. Defendants deny the allegations contained in paragraph 149 of the Complaint.

150. Defendants deny the allegations contained in paragraph 150 of the Complaint.

151. Defendants deny the allegations contained in paragraph 151 of the Complaint.

### RESPONSE TO SIXTH CAUSE OF ACTION
### New York Labor Law – Uniform Violations
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

152. Defendants reallege and incorporate by reference all responses in all preceding paragraphs as if fully set forth herein.

153. Defendants deny the allegations contained in paragraph 153 of the Complaint.

3148-043 Doc# 25

154. Defendants deny the allegations contained in paragraph 154 of the Complaint.

155. Defendants deny the allegations contained in paragraph 155 of the Complaint.

156. Defendants deny the allegations contained in paragraph 156 of the Complaint.

## RESPONSE TO SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Wage Notices
(Brought on behalf of Plaintiff and the members of the Rule 23 Class)

157. Defendants reallege and incorporate by reference all responses in all preceding paragraphs as if fully set forth herein.

158. Defendants deny the allegations contained in paragraph 158 of the Complaint.

159. Defendants deny the allegations contained in paragraph 159 of the Complaint.

160. Defendants deny the allegations contained in paragraph 160 of the Complaint.

## RESPONSE TO EIGHTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Wage Statements
(Brought on behalf of Plaintiff and the members of the Rule 23 Class)

161. Defendants reallege and incorporate by reference all responses in all preceding paragraphs as if fully set forth herein.

162. Defendants deny the allegations contained in paragraph 162 of the Complaint.

163. Defendants deny the allegations contained in paragraph 163 of the Complaint.

164. Defendants deny the allegations contained in paragraph 164 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative defenses without assuming any burden of production or proof that they would not otherwise have.

## FIRST AFFIRMATIVE DEFENSE

165. The Complaint fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

166.    Certain of the Defendants are not "Employers" under the FLSA or NYLL and therefore cannot be held liable in this action.

**THIRD AFFIRMATIVE DEFENSE**

167.    Plaintiff's claims are barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

168.    Plaintiff's claims are barred in whole or in party by the applicable statute of limitations pursuant to 29 U.S.C. §§ 255-256 and/or New York Labor Law.

**FIFTH AFFIRMATIVE DEFENSE**

169.    Defendants at all times, and in all manners, acted in accordance with any and all duties and obligations they may have had under the FLSA and/or New York Labor Law.

**SIXTH AFFIRMATIVE DEFENSE**

170.    Plaintiff's claims for liquidated damages are barred, in whole or in part, because all actions taken by Defendants were undertaken and in good faith and with reasonable grounds for believing such actions were not in violation of Federal and New York Law.

**SEVENTH AFFIRMATIVE DEFENSE**

171.    Plaintiff's claims are barred to the extent that Plaintiff seeks to assert claims on behalf of other individuals who are not similar situated for purposes of the FLSA with respect to matters alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

172.    The court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York State Law.

3148-043 Doc# 25

## NINTH AFFIRMATIVE DEFENSE

173.   Plaintiff cannot establish the requirements of Rule 23 of the Federal Rules of Civil Procedure for a class action for her claims under the New York Labor Law and New York State Department of Labor Regulations.

## TENTH AFFIRMATIVE DEFENSE

174.   Plaintiff lacks standing to bring the proposed collective action under the FLSA and class action under Rule 23 of the Federal Rules of Civil Procedure.

## ELEVENTH AFFIRMATIVE DEFENSE

175.   This Court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

176.   Defendants state, in the alternative, if necessary, that any actions taken with respect to Plaintiff and any similarly situated individuals were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, and/or with reasonable grounds to believe such conduct complied with FLSA and/or New York Labor Law or interpretations of those statutes.

## THIRTEENTH AFFIRMATIVE DEFENSE

177.   To the extent that certain members of the putative collective or putative class have entered into an agreement with any of the Defendants, Plaintiff's claims are barred to the extent Plaintiff failed to exhaust any mandatory contractual remedies, including, but not limited to, arbitration procedures.

## FOURTEENTH AFFIRMATIVE DEFENSE

178.   Plaintiff's claims are barred pursuant to 12 NYCRR §146-1.7(b).

## FIFTEENTH AFFIRMATIVE DEFENSE

179. To the extent that certain members of the putative collective or putative class have entered into an agreement with any of Defendants, such Plaintiffs' claims are barred due to their own breaches of contract.

## SIXTEENTH AFFIRMATIVE DEENSE

180. To the extent that certain members of the putative collective or putative class have entered into an agreement with any of Defendants, such Plaintiffs' claims are barred due to Plaintiffs' fraud in the inducement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

181. Defendants collectively, and Sinensky and McGarr individually, are not and were not employers under the FLSA and NYLL.

## EIGHTEENTH AFFIRMATIVE DEFENSE

182. Plaintiff's claims are barred due to the doctrine of accord and/or satisfaction.

## NINETEENTH AFFIRMATIVE DEFENSE

183. Plaintiff's claims are barred by the doctrine of avoidable consequences.

## TWENTIETH AFFIRMATIVE DEFENSE

184. Plaintiff's claims are barred to the extent that they have waived the right of recovery.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

185. Defendants are entitled to any and all offsets and/or set offs permissible by law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

186. Plaintiff's claims are barred due to the statute of frauds.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

187. Plaintiff's claims are barred due to the *de minimus* rule.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

188. Plaintiff's claims are barred due to *res judicata* and/or collateral estoppel.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

189. In addition to the foregoing defenses, Defendants retain the right to amend their answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during the course of the litigation.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

190. Because Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

### JURY TRIAL IS REQUESTED

**WHEREFORE**, Defendants demand judgment against Plaintiff as follows:

1. Denying the allegations of collective and class status in Plaintiff's Complaint, dismissing Plaintiff's Complaint and all claims and causes of action therein with prejudice;

2. Awarding Defendants their costs, disbursements, including reasonable attorneys' fees and any such other relief as this Court deems just and equitable.

Dated: New York, New York
January 16, 2015

MEISTER SEELIG & FEIN LLP


  */s/* Jeffrey A. Kimmel
By:  Jeffrey A. Kimmel, Esq.
     Naomi Dabi Lantsberg, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500

*Attorneys for Defendants*